# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANETAEUS SPENCER, | ) | CASE NO. 1:23-cv-135 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| WARDEN HUTCHINSON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On January 24, 2023, *pro se* petitioner Anetaeus Spencer ("Spencer"), a federal prisoner incarcerated in FCI-McKean in Bradford, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against FCI-McKean Warden Hutchinson. (Doc. No. 1.) He seeks to be awarded earned time sentence credit, which he contends he is entitled under the First Step Act but the Bureau of Prisons ("BOP") has denied him. On April 25, 2023, the Court received a letter from Spencer, asking that this Court transfer his petition to the proper district, if this Court lacks jurisdiction over his petition. (Doc. No. 4.) Upon review of Spencer's petition, the Court finds that it does not have jurisdiction over Spencer's petition and, thus, transfers the petition to the proper district—the Western District of Pennsylvania.

A petition for habeas corpus filed by a federal prisoner under § 2241 seeking to challenge the execution or manner in which his sentence is served must be filed in the district court having jurisdiction over the prisoner's custodian. *Martin v. Perez*, 319 F.3d 799, 802–03 (6th Cir. 2003); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 428, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) ("[28

U.S.C.§] 2241(a)'s language limiting district courts to granting habeas relief within their respective jurisdictions requires that the court issuing the writ have jurisdiction over the custodian." (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) (internal quotation marks omitted)). "As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction." *Martin*, 319 F.3d at 803.

Spencer's claim regarding his entitlement to earned time credit under the First Step Act is a challenge to the execution or manner in which his sentence is served. Therefore, although he was convicted in this district, *see United States v. Anetaeus Spencer*, No. 1:15-cr-375 (N.D. Ohio), this Court lacks jurisdiction over his petition as his custodian is located in the Western District of Pennsylvania. When a Section 2241 action is filed in the wrong district, 28 U.S.C. § 1631 authorizes the court to transfer the action to the proper district if the transfer is "in the interest of justice [.]" *Roman v. Ashcroft*, 340 F.3d 314, 328–29 (6th Cir. 2003) (finding transfer was "in the interest of justice" because dismissing the action "would only cause [petitioner] to incur the additional expense of filing the same habeas corpus petition in the [proper district]").

Accordingly, the Court finds that it is in the interest of justice for Spencer's petition to be transferred to the proper district and, thus, the Clerk is directed to transfer Spencer's petition to the Western District of Pennsylvania.

**IT IS SO ORDERED**

Dated: April 26, 2023

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**